UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:24-CR-23 |
| | ) | |
| | ) | |
| MALIK BRADLEY | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its counsel, M. Scott Proctor, Acting United States Attorney for the Northern District of Indiana, through Kristian R. Mukoski, Assistant United States Attorney, files the following sentencing memorandum:

I.     Sentencing Guidelines and Sentencing Law

The defendant pled guilty to Count 10 of the indictment, charging him with making a false statement in connection with the acquisition of a firearm, in violation of Title 18, United States Code, Section 922(a)(6). According to the final presentence report, with which the parties agree, the defendant's final offense level is 17 and his criminal history category is I, resulting in a guideline imprisonment range of 24 months to 30 months. PSR ¶ 63. This range is in Zone D of the Sentencing Table, in which the minimum term of the applicable guideline range shall be satisfied by a sentence of imprisonment. U.S.S.G. § 5C1.1(f).

This Court must consider the factors set forth in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the sentencing range established for the applicable category of offense committed by the applicable category of defendant; (4) the pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities; (6) the need to provide restitution to victims; and (7) the need for judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care.

Based upon the Section 3553 factors, the government's position is that a sentence 24 months, the minimum of the applicable guideline range, is a fair and reasonable sentence under all circumstances.

II. <u>Application of the § 3553(a) Factors</u>

   A. <u>The Nature and Circumstances of the Offense</u>

In September 2022, ATF investigators reviewed multiple firearm sales/trace reports and determined that the defendant had purchased 32 firearms in the Northern District of Indiana during 30 separate transactions between October 2020 and May 2022. PSR ¶ 8. Of those firearms, nine were subsequently recovered by law enforcement at crime scenes across the

Midwest, with several recovered in Gary, Indiana, two recovered in Chicago, Illinois, one recovered in Indianapolis, Indiana, and one recovered in Minneapolis, Minnesota. *Id.* ¶ 9. Moreover, one of the pistols found in Gary had been equipped with a "switch," rendering it fully automatic. *Id.*

On September 6, 2023, investigators interviewed the defendant outside his residence in Katy, Texas. *Id.* ¶ 10. When shown a spreadsheet detailing the firearms he purchased, the defendant admitted that he began selling firearms in 2021, buying them at gun shows and stores before selling them to "third parties" for a profit. *Id.* ¶ 11. The defendant explained how he would mark up the price of a firearm, for example, purchasing a Glock 23 Gen5 pistol for $600 in Northwest Indiana and selling it for over $1,000 in Indianapolis or Illinois. *Id.* The defendant was then shown an ATF Form 4473 he completed when purchasing a Glock 23 Gen5 pistol at DBG firearms on April 14, 2021. *Id.* ¶ 12. The defendant admitted that he falsely certified that he was the actual buyer of that pistol when he really intended to sell it to someone else. *Id.* The defendant, a regular marijuana user, also conceded that he lied on the form when he denied that he was an unlawful drug user. *Id.*

B. History and Characteristics of the Defendant

The defendant has no prior juvenile adjudications, adult criminal convictions, other pending charges, or other arrests. *Id.* ¶¶ 32-38.

      C. <u>Deterrence, Just Punishment, Protection of the Public, and Seriousness of the Offense</u>

The defendant committed a serious crime. He straw purchased over two dozen firearms, false certifying that he was the actual buyer of those weapons while intending to sell them for a profit. Nine of those firearms were recovered by law enforcement in cities across the Midwest – including Gary, Chicago, Indianapolis, and Minneapolis – all places that struggle with firearms-related crime. Additionally, one of the pistols recovered in Gary was found equipped with a "switch," converting it to fire fully automatically. The defendant was motivated by greed, as reflected by the fact that he could purchase a pistol for $600 in Northwest Indiana and sell it for over $1,000 in Indianapolis or Chicago, making a profit of nearly one hundred percent. As shown by the number of firearms later recovered at crime scenes, the defendant's greed had a meaningful negative impact in multiple different communities.

A sentence of 24 months' imprisonment, the low end of the guideline range, is a just punishment for straw purchasing firearms. Although the defendant has a limited criminal history, his actions contributed to the epidemic of gun crime in this region, aggravated by the large volume of firearms he purchased and sold for profit, as well as the number of firearms later seized by law enforcement. As such, the government's recommendation adequately addresses the seriousness of the offense and takes into consideration the

4

protection of the public. It also serves as a deterrent to others committing similar offenses in the community.

III. Conclusion

Accordingly, based upon the U.S. Sentencing Guidelines and 18 U.S.C. § 3553 factors, the government respectfully requests the Court sentence the defendant to term of 24 months' imprisonment, the minimum of the advisory guideline range, as a fair and reasonable sentence under all circumstances.

Respectfully submitted,

M. SCOTT PROCTOR
ACTING UNITED STATES ATTORNEY

By: /s/ Kristian R. Mukoski
Kristian R. Mukoski
Assistant United States Attorney
United States Attorney's Office
Northern District of Indiana
5400 Federal Plaza, Suite 1500
Hammond, Indiana 46320
Phone: (219) 937-5500
Fax: (219) 852-2770
Email: Kristian.Mukoski@usdoj.gov